```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NEHEMIAH KINGSBERRY,

                    Plaintiff,
                                              ORDER
         -against-                            15-CV-5015(JS)(GRB)

DEPARTMENT OF CORRECTIONS IN
SUFFOLK COUNTY, and DEPUTY
SHERIFFS AT THE CENTRAL ISLIP
COURTHOUSE,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Nehemiah Kingsberry, pro se
                    265 Elmore Street
                    Central Islip, New York 11722

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On August 19, 2015, then-incarcerated pro se plaintiff Nehemiah Kingsberry ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 against the Department of Corrections in Suffolk County and unidentified "Deputy Sheriffs at the Central Islip Courthouse." However, Plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA") at the time he filed the Complaint. Accordingly, also on August 19, 2015, the Court sent Plaintiff a Notice of Deficiency instructing Plaintiff to complete and return the PLRA within fourteen (14) days in order to proceed with his case. On September 3, 2015, Plaintiff filed the PLRA and also

informed the Court that he was scheduled to be released from the Riverhead Correctional Facility on September 8, 2015 and provided a new address.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. Accordingly, the Court ORDERS service of the Summonses and Complaint upon the Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on the unidentified Defendants without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed Deputy Sheriffs who are described in the Complaint and who are alleged to have interacted with Plaintiff at the Central Islip

Courthouse on May 26, 2015. The Suffolk County Attorney's Office shall provide the Court and Plaintiff the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon them. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the Defendants by the USMS. The Clerk of the Court is further ORDERED to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and they are requested to attempt to ascertain the full name of the unidentified Deputy Sheriffs who are described in the Complaint and to provide the names and addresses where these Defendants can be served to the Court and Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the

3

information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      JOANNA SEYBERT, U.S.D.J.

Dated: January   5  , 2016
       Central Islip, New York